**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HENRY GFROEHRER, ANDREW SKELTON and CHANTEL SKELTON, | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-CV-2111 |
| | (JUDGE CAPUTO) |
| STEVEN CALICE and WERNER ENTERPRISES, INC., | |
| Defendants. | |

**MEMORANDUM**

Before the Court are a number of motions in limine filed by plaintiff Gfroehrer and defendants Calice and Werner Enterprises (collectively "Werner") as well as a motion for partial summary judgment brought by Werner. These motions will be discussed in turn below.

**BACKGROUND**

This suit arises out of a car accident that occurred on June 26, 2007 at the intersection of State Route 115 North and East Mountain Boulevard in Plains Township, Pennsylvania. Mr. Calice, driving a tractor-trailer for Werner, was en route to New York when he ran a red light and struck Mr. Gfroehrer and Mr. Skelton. Mr. Gfroehrer, Mr. Skelton, and Mrs. Skelton subsequently filed suit against Mr. Calice and Werner, alleging negligence, negligent entrustment, and punitive damages. They alleged, among other things, that Mr. Calice was improperly trained and supervised, that the tractor-trailer he was driving was in violation of the weight restrictions on S.R. 115 N, and that his brakes were defective. Andrew and Chantal Skelton subsequently settled with Calice and Werner. The motions in limine have been briefed and are ripe for review. The motions will be discussed

in the order they were filed.

## DISCUSSION

### I. Werner's motion for protective order (Doc. 57)

Mr. Gfroehrer has withdrawn his request for the accident reports which were the basis of the request for a protective order. Werner's motion is therefore moot.

### II. Werner's motion for partial summary judgment (Doc. 61)

Werner's motion for summary judgment on the punitive damage and negligent entrustment claims will be denied.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Id.* An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.*

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER,

FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

The standard governing the award of punitive damages in Pennsylvania is settled. "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 506 Pa. 383, 485 A.2d 742, 747 (1984) (quoting Restatement (Second) of Torts § 908(2) (1979))*; see also Chambers v. Montgomery*, 411 Pa. 339, 192 A.2d 355, 358 (1963). As the name suggests, punitive damages are penal in nature and are proper only in cases where

the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. *See SHV Coal, Inc. v. Continental Grain Co.*, 526 Pa. 489, 587 A.2d 702, 704 (1991); *Feld*, 485 A.2d at 747-48; *Chambers*, 192 A.2d at 358. See also Restatement (Second) of Torts § 908, comment b. The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him or others like him from similar conduct. *Kirkbride v. Lisbon Contractors, Inc.*, 521 Pa. 97, 555 A.2d 800, 803 (1989); Restatement (Second) of Torts § 908 (1) ( "Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future."). Additionally, this Court has stressed that, when assessing the propriety of the imposition of punitive damages, "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." *See Feld*, 485 A.2d at 748; *see also Martin v. Johns-Manville Corp.*, 508 Pa. 154, 494 A.2d 1088, 1097 n. 12 (1985) (plurality opinion).

The tort of negligent entrustment is described in the Restatement (Second) of Torts, § 308 as follows:

> It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

When there is no punitive damage claim, courts often dismiss the negligent entrustment claim when agency is admitted on the grounds that permitting it would allow for prejudicial evidence of prior driving history. *See, e.g. Holben v. Midwest Emery Freight Sys.*, 525 F.Supp. 1224 (W.D.Pa. 1981).

Werner argues that punitive damages are inappropriate since Mr. Calice's presence

on S.R. 115 was *not* illegal. The key sign, according to defendants, posted a *speed* restriction for vehicles over a certain weight, *not a weight restriction.* Additionally, Werner argues it should not be liable for punitive damage since it was not responsible for planning Calice's route. Mr. Gfroehrer contests both these points, arguing that Werner's gloss on the road signs is inaccurate and that Werner *did* have significant authority over the routes its drivers took. The Court finds that there are sufficient factual issues here to deny summary judgment on the punitive damages claim. Besides the issue of the operative signs, there are significant factual disputes about Mr. Calice's hiring, the adequacy of his training and supervision, as well as whether the brakes on his truck were defective. Additionally, since the punitive damage claims will remain, the negligent entrustment claim will also remain.

> **III.    Mr. Gfroehrer's motion to suppress his criminal record and his history of drug and alcohol abuse (Doc. 77)**

The Court will exclude Mr. Gfroehrer's criminal record but not his prior history of drug and alcohol abuse.

Federal Rule of Evidence 403 states: "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Under Fed. R. Evid. 609(b), the court may admit into evidence prior criminal convictions from more than ten years ago if it "determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

Here, Werner seeks to admit criminal convictions for theft and burglary that are

5

more than ten years old. But the Court finds the probative value of these convictions does not substantially outweigh their prejudicial effect and will therefore exclude this evidence.

As to the prior drug and alcohol abuse, a claim for damages for permanent injury "requires the jury to evaluate the claimant's life expectancy. Evidence of appellant's chronic drug and alcohol abuse strongly suggests that his life expectancy deviates from the average." *Kraus v. Taylor*, 710 A.2d 1142,1144 (Pa. Super. 1998). Additionally, "[w]hen [actuarial] tables are submitted in a personal injury case, the jury must be permitted to consider individual characteristics that impact on the injured party's life expectancy." *Kraus*, 710 A.2d at 1144. Mr. Gfroehrer cites *Nesbitt v. Sears Roebuck and Co.* for the proposition that such evidence of prior alcohol and drug abuse is irrelevant for assessing damages. 415 F.Supp.2d 2d 530 (E.D. Pa. 2005). However, the defendant there wanted to introduce this evidence to counter plaintiff's claims for *psychological* damage, not life expectancy. The trial court found the limited probative value of the evidence for that purpose would unfairly prejudice the jury. *Nesbitt*, 415 F.Supp. at 540. Mr. Gfroehrer additionally points to *Dover-Hymon v. Southland Corp.*, which excluded evidence of plaintiff's history of alcohol abuse because it was not tied to medical testimony linking it to a shortened lifespan. No. 91-1246, 1993 WL 419705 (E.D.Pa. Sep. 27, 1993). However, a similar argument was rejected by the appellate court in *Kraus*. 710 A.2d at 1144.

The Court finds that *Kraus* and *Nesbitt* are not in conflict, and that since a history of drug and alcohol abuse clearly has bearing on a person's life expectancy, the evidence will be admissible. Additionally, the Court does not believe expert testimony is required to substantiate the proposition that long-term drug and alcohol use can shorten a person's life.

Therefore, since the probative value of this evidence outweighs the danger of unfair prejudice, it will be admissible.

### IV. Werner's motion to exclude the police report and officers' statements (Doc. 78)

Since Mr. Gfroehrer does not intend to have the police report admitted or elicit any testimony from the responding officers beyond what they witnessed when they arrived on the accident scene, this motion will be deemed moot.

### V. Werner's motion to prohibit plaintiffs' from arguing truck was "overweight" and that Mr. Calice was a "professional driver" (Doc. 80 and 82)

The Court will grant this motion in part and deny it in part. Mr. Gfroehrer can use the phrase "overweight," but only in relation to the facts of the case. He is also prohibited from referring to Mr. Calice as a "professional driver."

### VI. Werner's motion to exclude Mr. Gfroehrer's medical bills (Doc. 84)

The parties will stipulate to Mr. Gfroehrer's medical bills. The motion is therefore moot.

### VII. Werner's motion to preclude traffic citations issued and vehicle examination report (Doc. 86)

Mr. Gfroehrer will not seek to admit this evidence at trial. The motion is therefore moot.

### VIII. Werner's motion to preclude evidence of confidential spousal communications between Loretta and Steven Calice (Doc. 88)

Werner's motion will be granted.

Under the Federal Rules of Evidence, state privilege laws are controlling when state law supplies the rule of decision with respect to an element of a claim or defense. Fed. R.

Evid. 501.

With limited exceptions, 42 Pa. C.S. 5924 provides that "in a civil matter neither husband nor wife shall be competent or permitted to testify against each other." Additionally, under 42 Pa. C.S. 5923, "in a civil matter neither husband nor wife shall be competent or permitted to testify to confidential communications made by one to the other, unless this privilege is waived upon the trial."

In her deposition, Loretta Calice was asked about conversations she had with her husband regarding the accident. Werner wish to preclude evidence of these discussions.

Mr. Gfroehrer argues that this privilege shouldn't apply under the "business matter" exception, *see Fid. Nat'l Title Ins. Co v. United Settlement Serv. Inc.*, 924 A.2d 1271. However, *United Settlement* involved fraud claims against *both* a husband and wife stemming from a jointly-run business as is therefore factually distinguishable. As a result, the Court find the privilege applies to these communications and will grant the motion.

### IX.    Werner's motion to exclude driver logs, bills of lading, and Qualcomm records (Doc. 90)

This motion has been resolved by the parties and is therefore moot. Mr. Gfroehrer will only seek to admit the bills of lading, which are relevant to establishing the weight of the truck.

### X.    Mr. Gfroehrer's motion to preclude mention of his past suicide attempts (Doc. 95)

This motion will be granted. It's probative value as to his potential life\work life expectancy is far outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

### XI.    Werner's motion to bifurcate trial (Doc. 96)

This motion will be denied, with the exception that no evidence of a defendant's

ability to pay will be admissible. Should the jury find that the defendant's conduct was outrageous, i.e. malicious, wanton, willful, or reckless indifference to the interests of others, a subsequent hearing will be held in which evidence of defendant's ability to pay damages will be permitted, and the jury will be asked whether it finds punitive damages should be awarded and, if so, the amount.

### XII. Werner's motion to exclude expert testimony of Lisa Kozden or for a *Daubert* hearing (Doc. 98)

Since Mr. Gfroehrer has agreed to limit Ms. Kozden's expert testimony to her results from her occupational therapy sessions with him and not touch on other areas outside her field of expertise, the motion is moot.

### XIII. Mr. Gfroehrer's motion to allow the jury to see accident scene (Doc. 108)

The motion is denied.

## CONCLUSION

An appropriate order follows.

| | |
|---|---|
| 10/31/11 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HENRY GFROEHRER, ANDREW SKELTON and CHANTEL SKELTON,<br><br>       Plaintiffs,<br><br>STEVEN CALICE and WERNER ENTERPRISES, INC.,<br><br>       Defendants. | CIVIL ACTION NO. 3:09-CV-2111<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this ___31st___ day of October, 2011, **IT IS HEREBY ORDERED** that:

(1)   Werner's motion for protective order (Doc. 57) is **MOOT**.

(2)   Werner's motion for partial summary judgment (Doc. 61) is **DENIED**.

(3)   Mr. Gfroehrer's motion to suppress his criminal record and his history of drug and alcohol abuse (Doc. 77) is **GRANTED in part and DENIED in part**.  His criminal record will **NOT BE ADMISSIBLE**.  His history of drug and alcohol abuse will **BE ADMISSIBLE**.

(4)   Werner's motion to exclude the police report and officers' statements (Doc. 78) is **MOOT**.

(5)   Werner's motion to prohibit plaintiffs' from arguing truck was "overweight" and that Mr. Calice was a "professional driver" (Doc. 80 and 82) is **GRANTED in part and DENIED in part**.

(6)   Werner's motion to exclude Mr. Gfroehrer's medical bills (Doc. 84) is **MOOT**.

(7)   Werner's motion to preclude traffic citations issued and vehicle examination report (Doc. 86) is **MOOT**.

(8)   Werner's motion to preclude evidence of confidential spousal communications between Loretta and Steven Calice (Doc. 88) is **GRANTED**.

(9)   Werner's motion to exclude driver logs, bills of lading, and Qualcomm records (Doc. 90) is **MOOT**.

(10) Mr. Gfroehrer's motion to preclude mention of his past suicide attempts (Doc. 95) is **GRANTED**.

(11) Werner's motion to bifurcate trial (Doc. 96) is **DENIED**, except evidence of a defendant's ability to pay will not be admissible at trial.

(12) Mr. Gfroehrer's motion to allow the jury to see accident scene (Doc. 108) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge